1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GORDON CHAPPELLE, on behalf of himself and others similarly situated,

Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION; and DOES 1 through 100, Inclusive

Defendants.

Case No.  2:24-CV-02667-PVC

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION STIPULATION OF SETTLEMENT & FINAL JUDGMENT**

This matter having come before the Court for the final fairness of the class action settlement between plaintiff, Gordon Chappelle ("Plaintiff") and defendant, National Railroad Passenger Corporation ("Defendant") upon the terms set forth in the Settlement Agreement and Release ("Settlement Agreement") submitted in support of Motion for Preliminary Approval of Class Settlement; and due and adequate notice having been given to the settlement class as required in Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion for Final Approval of Class Action Settlement, Enhancement Award and Reasonable Attorneys' Fees and Costs is hereby granted in its entirety.

2.    All terms used herein shall have the same meaning as defined in the Settlement Agreement.

3.    The Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all settlement class members.

4.    Distribution of the Court Approved Notice of Class Action Settlement and Hearing Date for Final Court Approval ("Class Notice") directed to the settlement class members as set forth in the Settlement Agreement and other matters set forth herein have been completed in conformity with the Preliminary Approval Order, including individual notice to all settlement class members who could be identified through reasonable efforts, and was the best notice practicable under the circumstances.  This Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed class settlement set forth in the Settlement Agreement, to all persons entitled to such Class Notice, and the Class Notice fully satisfied the requirement of due process.

///

///

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

5.     No settlement class members opted out of the settlement.  No settlement class member objected to the settlement.

6.      The Court finds that the Settlement was reached after arm's-length negotiations between the parties, including  a full day mediation session; the Settlement was concluded only after counsel for the parties had conducted adequate discovery and investigation; and the Settlement, as embodied in the terms of the Settlement Agreement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the due process clauses), the Central District Local Rules, and any other applicable law, and in the best interest of the parties and the Class Members.  The Court further finds that the terms of the Settlement are fair, reasonable, and adequate, and hereby grants final approval of the Settlement.

7.     Solely for the purpose of settlement, the Court finally certifies the following Class:

> All persons employed by Defendant in California and classified as non-exempt mechanical employee during the period of January 4, 2021, through April 6, 2025.

8.     The above Class is certified for settlement purposes only, and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it in the action by or on behalf of the members of the settlement class.

9.     The Court appoints Gordon Chappelle as Class Representative.

10.     The Court appoints Michael Nourmand and James A. De Sario of The Nourmand Law Firm, APC as counsel for the Class.

11.     The Court appoints Simpluris, Inc. as Settlement Administrator.

12.     The Court finds that:

///

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

a.      the above-described class contains members so numerous that the joinder of all of them is impracticable;

b.      there are questions of law or fact common to the above-described class;

c.      the claims of the Class Representative are typical of the claims of the class that Plaintiff seeks to represent; and

d.      the Class Representative and Plaintiff's attorneys have fairly and adequately protected the interest of the above-described class.

13.    The parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14.    The terms of the Settlement Agreement and this Final Judgment are binding on Plaintiff and all other settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that have been raised in the action as provided by the Settlement Agreement.

15.    Effective on the date when Defendant fully funds the entire Gross Settlement Amount and funds all employer payroll taxes owed on the Wage Portion of the Individual Class Payments, Plaintiff and Qualified Class Members will release claims against all Released Parties as follows:  all claims set forth in the Action that arose during the Class Period, including but not limited to: failure to pay minimum wage; failure to pay timely wages at termination; failure to provide accurate itemized wage statements; those claims predicated on the same or similar facts alleged in the Third Amended Complaint;  those claims that could have been pled which arise from the same or similar facts concerning the Plaintiff or the

4

Settlement Class; and those claims predicated on the same or similar facts and/or claims alleged in the Third Amended Complaint as well as any claims that could have been pled which arise from the same or similar facts concerning the Plaintiff or the putative class, and claims for interest, penalties (including but not limited to waiting time penalties), as well as any claims under the California Labor Code and California Industrial Welfare Commission Wage Orders; claims based on the alleged violation of California Labor Code sections 200, 201, 202, 203, 218, 218.5, 218.6, 226, 1182.12, 1194, 1194.2, 1197 and applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11000, *et seq.*; any claims for injunctive relief, declaratory relief, restitution, alleged or which could have been alleged under the facts, allegations and/or claims released herein; any and all other claims under California common law or the federal law alleged in or that could have been alleged under the same or similar facts, allegations and/or claims released herein; and all claims for attorneys' fees, attorneys' costs and costs of administering the settlement other than what's provided under the terms of the settlement.

16. The Court grants a Class Representative enhancement award of $10,000 to Gordon Chappelle. The Class Representative enhancement will be paid to Plaintiff in accordance with the terms of the Settlement Agreement.

17. The Court grants Plaintiff's attorneys' request for an award of Plaintiff's attorneys' fees in the amount of $460,000 and Plaintiff's costs in the amount of $14,438.49. The attorneys' fees and costs shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

18. The Court grants the Settlement Administrator's fees and costs in the amount of $9,000. The Settlement Administrator, Simpluris, Inc., shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

19. Judgment is hereby entered in accordance with the terms of the Settlement Agreement. Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the action, and the parties and

settlement class, and the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court; provided however, that nothing in this paragraph shall restrict the ability of the parties to exercise their rights hereunder.

IT IS SO ORDERED.

Dated: November 24, 2025

_____

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT